## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DENISE FOLEY,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**CIGNA GROUP,** *et al.*,<br><br>          **Defendants.** | **Case No. 24–cv–06641–ESK–EAP**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on plaintiff Denise Foley's motion seeking reinstatement of this action (Motion to Reinstate) (ECF No. 37 (Mot.)); and defendant Healthspring, Inc. having filed an opposition to the Motion to Reinstate (Opposition) (ECF No. 39)[1]; and Foley having filed a reply in further support of the Motion to Reinstate (ECF No. 40); and the Court finding,

1.    Foley commenced this employment discrimination action on May 31, 2024.  (ECF No. 1.)   On August 27, 2024, the parties stipulated to stay this action pending arbitration.   (ECF No. 4.)   The parties reached a settlement in principle on June 24, 2025, but Foley refused to execute the agreement.   (ECF No. 17.)   On October 14, 2025, the Court granted Foley's counsel's motion to withdraw.   (ECF No. 28.)   Foley was granted time to obtain new counsel, but since no appearance was entered on her behalf by January 16, 2026, she was deemed *pro se.*   (ECF Nos. 31, 33.)   With leave from the Court (ECF No. 33), defendants filed on February 17, 2026 a motion to compel arbitration to enforce the parties' settlement agreement (Motion to Compel) (ECF No. 34).   Since the Motion to Compel was unopposed, and the parties' Employee Voluntary Arbitration Agreement requires all disputes covering Foley's employment to be resolved in arbitration, I entered on March 9, 2026 an order granting the Motion to Compel (Order).   (ECF No. 35 (Order).)   Pending arbitration, the Order dismissed this action without prejudice, allowing "any party … [to] reinstate … by letter application."   (*Id.* ¶ 2.)   On March 13, 2026, new counsel entered an

---

[1] The Opposition is identified as having been submitted on only Healthspring, Inc.'s behalf.   But the Opposition is signed by counsel on behalf of all defendants. The same counsel represents all defendants.

appearance on behalf of Foley. (ECF No. 36.) The Motion to Reinstate was filed on April 9, 2026. (Mot.)

2.    Pursuant to Foley's notice of motion and proposed order, the Motion to Reinstate is made pursuant to Federal Rule of Civil Procedure (Rule) 60. (Mot. p.1; ECF No. 37–2 p.1.) Rule 60(b) provides that a party may seek relief from final judgment due to mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; an opponent's fraud, misrepresentation, or misconduct; the judgment being void; or any other reason justifying relief. Fed. R. Civ. P. 60(b)(1), (2), (3), (4), (6). "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoiting *Page v. Schweiker,* 786 F.2d 150, 158 (3d Cir.1986)).

3.    To the extent Foley is seeking reconsideration of the Order pursuant to the Local Civil Rule 7.1(i), Foley must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see Green v. LG Elecs. USA*, Case No. 22–06057, 2023 WL 35868, at *1 (D.N.J. Jan. 4, 2023) (interpreting the plaintiff's motion to vacate the order of dismissal and reinstate the complaint as a motion for reconsideration). A motion for reconsideration may not be used to assert new arguments that could have been but were not previously presented to the court. *Marshak v. Treadwell*, No. 95–03794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008). Such motions for reconsideration must be made "14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i).

4.    The Motion to Reinstate neither cites to the Rule 60 standard nor raises any Rule 60 arguments. Similarly, no basis for reconsideration is provided.[2] Instead, the Motion to Reinstate advances cursory arguments that should have been raised in opposition to the Motion to Compel. *See Nock v. AnswerNet, Inc.,* No. 25–MC–26, 2025 WL 2911148, at *1 n.1 (E.D. Pa. Aug. 5, 2025) (noting that because the respondent should have raised the arguments he sets forth in his motion for reconsideration in an opposition to the underlying motion, reconsideration is denied). Foley argues that because the Order

---

[2] Considering the Motion to Reinstate was filed one month after the Order was entered, Foley is time barred from seeking reconsideration under Local Civil Rule 7.1(i).

permits any party to seek reinstatement of this action by letter-application, the Motion to Reinstate is proper.  (*See* Order ¶ 2.)  But that procedure applies only after arbitration is completed.  (*See id.*)  Since Foley did not oppose the Motion to Compel, and she fails to cite to an intervening change in the controlling law, evidence not previously available that has become available, or the necessity to correct a clear error of law or prevent manifest injustice, I will not revisit my decision in the Order.  *See Marshak*, 2008 WL 413312, at \*7.

Accordingly,

**IT IS** on this   **6th** day of **May 2026**   **ORDERED** that:

1.    The Motion to Reinstate is **DENIED.**

2.    Pending arbitration, this action is **dismissed without prejudice**. After arbitration is completed, either party may seek reinstatement of this action by letter application.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**